**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **Roy A. Daniel, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil No. 1:10-cv-00862 (APM)** |
| | ) | |
| **Isaac Fulwood, Jr.,** | ) | |
| **Chairman of the United States Parole** | ) | |
| **Commission, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Plaintiffs are six prisoners who committed District of Columbia criminal code offenses before March 3, 1985.  Their complaint alleges that the United States Parole Commission violated the *Ex Post Facto* Clause of the Constitution by retroactively applying parole eligibility guidelines that the Parole Commission issued in 2000, rather than the eligibility guidelines that were in effect at the time of their offenses.  Plaintiffs originally brought the *Ex Post Facto* claim in 2010 on their own behalf and on behalf of a class of "all others similarly situated."  This case recently returned to this court after the Court of Appeals reversed a decision dismissing the complaint for failure to state a claim.  During the pendency of the appeal, five of the six Plaintiffs were paroled.  The sixth Plaintiff, Abdus-Shahid Ali, now has an effective parole date of November 13, 2015.  Plaintiffs have asked the court to allow them to amend their complaint to substitute two new named plaintiffs—Stanley Grayson and Kelvin Smith—who, in addition to Ali, would serve as

representatives of the proposed class. The Parole Commission, acting through its Commissioners as named Defendants, has opposed the Motion.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." That directive is particularly apt here. Plaintiffs simply ask to substitute as class representatives people who are still in jail and remain subject to the alleged *Ex Post Facto* violation for those named plaintiffs who are now paroled and no longer in prison. Allowing amendment of the complaint will enable the putative class to be represented by named plaintiffs who can assert live *Ex Post Facto* claims on their own behalf, as is required to proceed as a class action. Defendants will not be prejudiced by the amendment. Plaintiffs' Motion to for Leave to Amend is therefore granted.

## II.     BACKGROUND

Plaintiffs Roy A. Daniel, Alfonso Taylor, Harold Venable, Percy Jeter, Abdus-Shahid Ali, and William Terry filed their original complaint against the Commissioners of the United States Parole Commission ("Parole Commission" or the "Commission") on May 25, 2010. Compl., ECF No. 1. Plaintiffs, all of whom were incarcerated at the time, brought their complaint "on behalf of themselves and . . . a class of all persons currently incarcerated in federal prisons following convictions for violations of the District of Columbia Code ("D.C. Code.") committed before March 3, 1985, and who first had, or will have, their initial parole hearings on or after August 5, 1998." *Id.* at 1. Plaintiffs alleged that the Parole Commission had subjected them and the putative class members to retroactively increased terms of incarceration, in violation of the *Ex Post Facto* Clause of the Constitution. *Id.* at ¶ 1. Specifically, Plaintiffs asserted that the Parole Commission improperly applied guidelines adopted in 2000 to determine their parole eligibility, instead of the guidelines issued in 1972, which were in effect at the time of their offenses. *Id.* at ¶

4. Plaintiffs averred that retroactive application of the 2000 guidelines subjected them and the class to more stringent parole criteria and resulted in longer terms of incarceration than they would have faced under the 1972 guidelines. *Id.* at ¶ 6.

On September 30, 2011, the court dismissed the compliant for failure to state a claim. *See* Order, ECF No. 27; Mem. Op., ECF No. 28. The court concluded that retroactive application of the 2000 guidelines did not "create[ ] a significant risk of a longer incarceration period than applying the 1972 Regulations." Mem. Op. at 1. The dismissal came before the court ruled on Plaintiffs' Motion for Class Certification. ECF No. 23. Plaintiffs appealed. The Court of Appeals reversed, holding that Plaintiffs had "plausibly alleged that the application of the 2000 guidelines creates a 'significant risk of prolonging [their] incarceration.'" *See Daniel v. Fulwood*, 766 F.3d 57, 58 (D.C. Cir. 2014) (citation omitted) (alternation in original).

During the pendency of the appeal, all of the named Plaintiffs, except Plaintiff Ali, were paroled and released from prison, thereby mooting their claims insofar as they sought immediate parole hearings under the 1972 guidelines. *See* Notice of Filing Regarding Status of Pls.' Parole [hereinafter Notice of Filing], ECF No. 40 at 2; *see also Daniel*, 766 F.3d at 60 n.4. As for Plaintiff Ali, he apparently received a re-hearing and now has an effective parole date of November 13, 2015. *See* Defs.' Opp'n to Pls.' Mot. for Leave to File a First Am. Compl. [hereinafter Defs.' Opp'n], ECF No. 46 at 4.

Following remand to this court, the Parole Commission on April 22, 2015, filed a "Notice of Filing Regarding Status of Plaintiffs' Parole," in which it asserted that, because all of the named plaintiffs were either paroled or soon-to-be paroled, "this action may have been rendered moot." Notice of Filing at 2. After holding a status hearing on April 29, 2015, the court directed Plaintiffs to file an "Amended Complaint [that] will reflect substituted class representatives as plaintiffs

whose claims are not moot." Order, ECF No. 41 at 1. Because Plaintiffs no longer could amend their complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B), the court ordered them either to obtain the Parole Commission's consent to file an amended complaint or, absent consent, to seek leave of court. *Id.* at 1 n.1.

Plaintiffs filed a motion seeking leave to amend on May 28, 2015, which sought to substitute two new named plaintiffs and class representatives—Stanley Grayson and Kelvin Smith (Plaintiff Ali also would remain a named plaintiff).[1] *See* Pls.' Mot. for Leave to Am., ECF No. 43; First Am. Class Action Compl., ECF No. 43-1 [hereinafter Am. Compl.]. Both of the new proposed plaintiffs committed D.C. Code violations before March 3, 1985, and had their initial parole hearings on or after August 5, 1998. Am. Compl. ¶¶ 143-144, 168-169. Thus, both men are alleged to have live, plausible claims of *Ex Post Facto* Clause violations.

## III. DISCUSSION

The standard for assessing a motion to amend a pleading is well established. Under Federal Rule of Civil Procedure 15(b), a "court should freely give leave when justice so requires." The Supreme Court has stated that Rule 15(b)'s "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Denying leave to amend is thus an abuse of discretion and "inconsistent with the spirit of the Federal Rules," *id.*, unless the court provides a sufficient reason for so doing, such as "futility of

---

[1] Plaintiffs initially filed a proposed First Amended Class Action Complaint on May 20, 2015, ECF No. 42-1, that included a third new named plaintiff, Samuel Byrd. On May 22, 2015, the court entered a Minute Order requesting that Plaintiffs comply with Local Civil Rule 7(m) and "notify the Court within three business days whether Defendants consent to or intend to oppose Plaintiffs' Motion for Leave to Amend." Minute Order, May 22, 2015. In response, on May 28, 2015, Plaintiffs filed with the court a revised Motion for Leave to Amend, ECF No. 43, which attached as an exhibit a revised First Amended Class Action Complaint, ECF No. 43-1. Neither the revised Motion for Leave to Amend nor the revised First Amended Class Action Complaint reference Byrd. Because the May 28, 2015, Motion and its accompanying Amended Complaint were filed last in time, it is that Motion—regarding the substitution of Grayson and Smith only—that the court considers here.

amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments." *Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 3 (D.D.C. 2006) (citing *Foman*, 371 U.S. at 182).

The Parole Commission opposes Plaintiffs' Motion for Leave to Amend, arguing that the new named plaintiffs' claims are "futile" for three different reasons. Defs.' Opp'n at 4. First, the Parole Commission argues that the claim of Plaintiff Ali—the only original named plaintiff presently incarcerated—is moot by virtue of his impending effective parole date of November 13, 2015, and therefore "there is no other current Plaintiff to anchor . . . a class." *Id.* The Commission is undoubtedly correct that a class representative must have a live case or controversy to represent the class. *See Sosna v. Iowa*, 419 U.S. 393, 402 (1975) ("There must . . . be a named plaintiff who has such a case or controversy at the time the complaint is filed, and at the time the class is certified by the District Court[.]"). But the fact that the original named class representatives can no longer advance a live case or controversy[2] does not mean that the claims of the putative class members are likewise moot or that they are somehow precluded from seeking class certification. Plainly, a case or controversy still exists. The question is who gets to represent the class. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 405-07 (1980) (holding that an appeal of a denial of class certification was not moot even though the class representative's individual claim had become moot; "We hold only that a case or controversy still exists. The question of who is to represent the class is a separate issue."). Here, Plaintiffs have asked to substitute presently incarcerated putative class members who continue to assert *Ex Post Facto* Clause violations for the original plaintiffs who were released while this case was on appeal. There is simply no constitutional impediment to allowing such a substitution.

---

[2] Plaintiffs dispute that Plaintiff Ali's claim is moot. The court need not reach that question for the reasons explained below.

Next, the Commission contends that amendment would be futile because the new named plaintiffs would not be able to show, as a consequence of the heinous nature of their crimes, that they were disadvantaged in their parole eligibility by applying the 2000 guidelines, instead of the 1972 guidelines. Defs.' Opp'n at 5. The Parole Commission's argument is surprising, because it was squarely rejected by the Court of Appeals. As the Court of Appeals stated:

> It may be that the factors that led to the Commission to add time to the plaintiffs' periods of incarceration under the 2000 Guidelines are factors that the D.C. Board of Parole could also have considered under the 1972 Guidelines. . . . [But] we think it reasonable to infer that the presumption of extended unsuitability contained in the 2000 Guidelines would prolong a prisoner's period of incarceration as compared to the 1972 Guidelines—in which no such presumption existed—even if the same factors could have been considered under the earlier regime.

*Daniel*, 766 F.3d at 62 (footnote omitted). In short, "'it [is] no answer to say that the defendant might have received the same sentence under the old version of the guidelines." *Id.* at 63 (quoting *United States v. Turner*, 548 F.3d 1094, 1099) (D.C. Cir. 2008).

Furthermore, like the now-paroled plaintiffs whom they seek to replace, the new named plaintiffs allege that "the Commission's actual application of the 2000 Guidelines to their cases generated guideline ranges that presumptively required them to serve additional time, beyond the point of parole eligibility." *Id.* at 62. Plaintiff Grayson alleges that under the 2000 guidelines he has served two-and-a-half years more than the minimum sentence to satisfy offense accountability and will not reach the lower end of his guidelines range until he has served four-and-a-half years beyond his parole eligibility date. Am. Compl. ¶ 155. And Plaintiff Smith likewise has alleged that he has served over a year longer than the minimum sentence to satisfy offense accountability and will not reach the lower end of his guidelines range until he has served three years beyond his parole eligibility date. *Id.* ¶ 180. As the Court of Appeals held, these are factual allegations that a court must accept as true in deciding whether Plaintiffs have stated a claim. *Daniel*, 766 F.3d at

62. Thus, the court rejects the Parole Commission's contention that amendment of the complaint would be futile.

Finally, the Parole Commission asserts that the new named plaintiffs "do not satisfy the requirements for class action status" under Federal Rule of Civil Procedure 23. Defs.' Opp'n at 6. But this argument is premature and is better resolved on a motion for class certification than a motion to amend a complaint. *See In re Thornburg Mortg., Inc. Securities Litig.*, 265 F.R.D. 571, 581 (D.N.M. 2010) ("The Court is not reviewing the likelihood of the Plaintiffs' success at class certification, or on the merits, in deciding this motion. That some class members may have differing interests from other class members is an issue better hashed out at the class-certification stage[.]").

Even if the court were to consider the Rule 23 argument, at this stage, it only need consider whether the Amended Complaint contains plausible allegations that would satisfy the rule. *See Bush v. Ruth's Chris Steak House, Inc.*, 277 F.R.D. 214, 216-17 (D.D.C. 2011) ("[T]he court considers whether Plaintiffs' proposed Amended Complaint contains sufficient allegations to implicate a Rule 23 claim, but only in relation to whether Plaintiffs have satisfied the plausibility pleading requirements governing resolution of a motion to dismiss."). The proposed Amended Complaint does so. Plaintiffs here have made allegations that address each of the four factors set forth in Rule 23(a): (1) the proposed class is so numerous that joinder of all members is impossible, Am. Compl. ¶ 227; (2) there are common questions of law or fact among the class members, *id.* ¶ 225; (3) the representative plaintiffs are typical of the class, *id.* ¶ 224; and (4) the representative plaintiffs are able to protect the interests of the class members, *id.* ¶¶ 228-29. "These allegations can and should be thoroughly vetted after pre-class discovery and further briefing." *Bush*, 277 F.R.D. at 217. Resolving whether this case can proceed as a class action must await another day.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend, ECF No. 43, is hereby granted. The First Amended Class Action Complaint, ECF No. 43-1, therefore shall be the operative complaint in this case.